IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL JAMES RAMSOUR, # 1893269 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19cv61 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. The Magistrate Judge recommended the petition for writ of habeas corpus be dismissed with prejudice as time-barred. Petitioner filed objections. (Dkt. # 19).

Petitioner argues that the Magistrate Judge erred in finding that he is not entitled to equitable tolling. Petitioner maintains that because the trial court advised him that he had no right to appeal or to challenge his conviction, he should be entitled to equitable tolling. However, as the Magistrate Judge noted, this argument is unavailing; Petitioner's plea agreement only states that he waived his right to appeal to the Court of Appeals. (Dkt. # 15-6, p. 3).

Petitioner further objects to the Magistrate Judge's failure to find that he is actually innocent. Again, he makes the same argument he made in his petition. Prior to his guilty plea, Petitioner went to trial for the same offense. During trial proceedings, Petitioner's counsel moved for a mistrial, which was granted. Petitioner subsequently pleaded guilty to the same indictment. Petitioner contends that this constitutes double jeopardy, and that he is legally innocent. However, as the Magistrate Judge noted, "actual innocence means factual innocence," and Petitioner must

1

show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner also objects because the Court did not order a response from the Director. Rule 4 of the Rules Governing Section 2254 Cases states in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

28 U.S.C. § 2254, Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Thus, this argument lacks merit.

In all of his objections, Petitioner provides no information to refute the Magistrate Judge's finding that Petitioner filed his federal habeas petition four years, one month and twenty-one days beyond the AEDPA limitations deadline. None of Petitioner's objections contradict the Magistrate Judge's finding that Petitioner filed an untimely habeas petition.

After reviewing the Report and Recommendation and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petition for writ of habeas corpus is **DENIED**, and the case is **DISMISSED** with prejudice. A Certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this 16th day of April, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE